In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00013-CR


____________________



LEEANDREW HENDERSON a/k/a LEE ANDREW HENDERSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court 


Polk County, Texas


Trial Cause No. 19695






MEMORANDUM OPINION


 Leeandrew Henderson appeals a conviction and fifteen-year sentence for sexual
assault of a child. The sole issue raised on appeal contends Henderson received ineffective
assistance of counsel. Henderson complains that trial counsel failed to object to inadmissible
hearsay. We affirm the judgment.

 We apply a two-part test to claims of ineffective assistance of counsel at trial, as
follows:

 To show that trial counsel was ineffective, appellant must demonstrate
that: 1) trial counsel's performance was deficient because it fell below an
objective standard of reasonableness; and 2) a probability sufficient to
undermine confidence in the outcome existed that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.1999). 
Strickland, supra, 466 U.S. at 689, 104 S.Ct. 2052, states that judicial scrutiny
of counsel's performance must be highly deferential and that a reviewing court
"must indulge a strong presumption that counsel's conduct falls within the
wide range of reasonable professional assistance[.]" Thus "the defendant must
overcome the presumption that, under the circumstances, the challenged action
'might be considered sound trial strategy.'" Id., quoting Michel v. Louisiana,
350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). Failure of appellant to
make either of the required showings of deficient performance and sufficient
prejudice defeats the claim of ineffective assistance. Thompson, 9 S.W.3d at
813.


Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003).

 When called to testify at trial in November 2007, the fourteen-year-old sexual assault
victim stated that she did not remember if she saw Henderson at a friend's house around May
31, 2007. She did not recall what she had talked about with a sheriff's deputy and a female
investigator. She did not recall telling anyone that Henderson came to the friend's house and
that she left with Henderson in a green Cadillac and had sex with him in the backseat. She
also did not recall having picked Henderson out of a photo line-up. She admitted that she
had not come to court willingly but claimed no one had threatened her. She also did not
recall discussing perjury with the prosecutor the day before the trial. 

 The State called as a witness the deputy who handled the initial investigation of the
offense and elicited testimony regarding the sexual assault victim's prior statements. 
Defense counsel made a hearsay objection. The State offered the testimony as a statement
against interest. See Tex. R. Evid. 803(24). The trial court sustained the objection, then
conducted a hearing outside the presence of the jury. The State repeated its argument for
admission of the statement under Rule 803(24) and argued that the declarant was unavailable
because she had testified to a lack of memory of the subject matter of the statement. See
Tex. R. Evid. 804(a)(3). The trial court allowed the deputy to testify over the hearsay
objection raised by the defense. The deputy testified that the victim admitted that Henderson
drove her around in a green Cadillac and she willingly engaged in sexual intercourse with
Henderson.

 Next, the State called a female investigator to testify. The witness related to the jury
the details of her conversation with the victim without objection from the defense. According
to the witness, the victim admitted to having had sex with the defendant but the victim did
not want the defendant to "get into trouble." The witness also testified that the victim picked
appellant out of a photo line-up. Counsel objected to introducing the line-up on the grounds
that it identified neither the declarant nor the accused. Counsel cross-examined the witness
extensively about her failure to obtain any physical evidence. 

 The State also admitted into evidence, over the hearsay objection of the defense, a
letter intercepted at the jail. In the letter, the writer, who purports to be Henderson,
discusses a girl who "said she wasn't coming to court" but would be forced to "show up" and
directs the addressee to "take her to Houston and make that [expletive] come up missing." 
 Next, the victim's mother testified, over a hearsay objection, that her daughter was aware
of the threats made in the letter. Another witness testified that Henderson gave him a note
with the victim's name on it and told the witness "he would make it worth my while" if he
would "take care of that for him" which the witness understood to mean that when the
witness bonded out he was to "look the girl up and make her disappear." 

 On appeal, Henderson argues that defense counsel failed to preserve error by
continuing to object each time the State asked questions that related to out-of-court
statements by the victim and that no competent attorney would have failed to object to the
only evidence implicating Henderson in the sexual assault. Had the error been preserved for
appeal, Henderson argues, he would have been able to obtain a reversal of his conviction. 

 This case illustrates the difficulty inherent in presenting an ineffective assistance
claim on direct appeal. We do not have the benefit of a hearing in which trial counsel has
been examined about his representation of the accused. "Before granting relief on a claim
that defense counsel failed to do something, we ordinarily require that counsel be afforded
the opportunity to outline the reasons for the omission." Roberts v. State, 220 S.W.3d 521,
533 (Tex. Crim. App. 2007). "If counsel's reasons for his conduct do not appear in the
record and there is at least the possibility that the conduct could have been grounded in
legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective
assistance claim on direct appeal." Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim. App.
2007). Only when the challenged conduct is "so outrageous that no competent attorney
would have engaged in it" do we declare counsel's performance to be deficient without first
providing him an opportunity to explain his actions. Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001)). 

 In rare cases, an appellate court will find deficient performance without the benefit
of a post-trial record. See Cannon v. State, 252 S.W.3d 342, 350 (Tex. Crim. App. 2008)
(after overruling of recusal and continuance motions, counsel refused to participate in jury
trial); Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (counsel failed to object
to the prosecutor's misstatement of the law regarding whether the appellant's sentences could
be stacked, even though he knew that the State had filed a motion to cumulate the
sentences.); Fuller v. State, 224 S.W.3d 823, 835 (Tex. App.--Texarkana 2007, no pet.)
(counsel's failure to object to testimony by State's witnesses as to the credibility and
truthfulness of the allegations allowed unfettered bolstering of victim). Here, the victim's
testimony had already been impeached and her prior statements to the deputy had been
admitted into evidence. The jury had heard that Henderson had threatened harm to the
witness. It is possible that counsel reassessed the admissibility of the evidence and formed
a new strategy based on the evidence developed during the trial. Without the benefit of a
hearing on the matter, we cannot determine that counsel's conduct was unreasonable. 
Because Henderson has not overcome the presumption that counsel's conduct falls within
the wide range of reasonable professional assistance, we cannot sustain his claim of
ineffective assistance. We overrule the issue and affirm the judgment.

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on December 30, 2008

Opinion Delivered February 11, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.